```
              UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

BECKY IRONS AND
DORIS JEAN MIDDLETON                                  PLAINTIFFS


VS.                              CIVIL ACTION NO. 3:04CV310LN


GLAXCO WELCOME, INC., ET AL.                          DEFENDANTS


MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiffs Becky Irons and Doris Jean Middleton to remand.[1] Defendants Glaxo Welcome, Inc., Glaxo Welcome, PLC, and GlaxoSmithKline, PLC have responded in opposition to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that the motion to remand should be denied.

Plaintiffs, both Mississippi citizens, filed this case in the Circuit Court of Smith County, Mississippi, on November 26, 2003 against Glaxo Welcome, Inc., Glaxo Welcome, PLC, and GlaxoSmithKline, PLC, nonresident corporations, seeking an unspecified amount of compensatory and punitive damages for injuries allegedly sustained from their use of the prescription

---

[1] The court notes that the actual motion to remand filed of record in this cause is the same motion to remand that was filed in another case, Sharon Easterling v. Glaxo Wellcome, Inc., et al., No. 3:03CV568LS. In other words, plaintiffs erroneously filed Easterling's motion to remand, instead of their own. However, they did provide via e-mail a copy of their correct motion to the undersigned's chambers.

drug Lotronex, a drug used in the treatment of diarrhea predominant irritable bowel syndrome.  Defendants were served with process on March 25, 2004, following which they timely removed the case on April 22, 2004.  Defendants stated in their notice of removal that the $75,000 amount in controversy requirement was satisfied because plaintiffs' alleged injuries and damages exceeded the $75,000 amount in controversy threshold for diversity jurisdiction.

On March 3, 2006, nearly two years later, plaintiffs filed the present motion to remand, asserting that, contrary to defendants' position in the notice of removal, the amount in controversy does not exceed $75,000.  Plaintiffs assert that defendants were not warranted in removing the case because their complaint did not indicate that they seek recovery of an amount in excess of $75,000.  They declare, moreover, that because they have included with their remand motion documents entitled "Lotronex Statement," in which each has checked a box indicating that she "agrees to limit [her] claim to no more than $75,000," the case must be remanded.[2]

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the

---

[2]     While the thirty-day time limit for removals imposed by 28 U.S.C. § 1447(c) does not apply to motions to remand based on a lack of subject matter jurisdiction, it is curious that plaintiffs waited two years to file their motion to remand.

proper district court.  28 U.S.C. § 1441(a).  District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Id. § 1332(a)(1).  See Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000).  The burden is on the removing defendants to establish federal jurisdiction, which means here that they must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Gebbia, 233 F.3d at 883 (citations omitted).  They may sustain their burden in this regard "either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount."  Gebbia, 233 F.3d at 883 (citations omitted).

Defendants submit that plaintiffs' claims are likely above $75,000 because it is facially apparent from the complaint that, if proven, the damages would far exceed $75,000.  The court agrees.  Plaintiffs allege in their complaint that serious complications result can from the ingestion of Lotronex, "including but not limited to cases of intestinal damage resulting from reduced blood flow to the intestine (ischemic colotis) [sic] and severely obstructed or ruptured bowels (complication of severe constipation)," presumably implying that they have suffered such complications.  They then allege that as a result of their use of

3

Lotronex, they have "sustained severe and painful injuries," as a result of which they have

> incurred hospital, doctor, drug, and other medical expenses in the past and may be reasonably expected to incur the same in the future. Plaintiffs have endured physical pain and suffering, mental anguish and anxiety, and impairment in the past and may reasonably be expected to sustain the same in the future. As a result of the actions of the Defendants as aforesaid, Plaintiffs may also sustain and incur a loss of wages and loss of wage earning capacity.

In addition to compensatory damages, plaintiffs also seek an award of punitive damages "in a sum sufficient to deter [defendants] from similar conduct in the future and to punish it for conduct in the past."

In Gebbia, the plaintiff sought recovery for injuries resulting from a slip and fall at a Wal-Mart store. Although in her complaint, the plaintiff did not specify the amount of recovery sought (the same being impermissible under Louisiana law), she alleged she suffered injury to "her right wrist, left knee and patella, and upper and lower back," and "alleged damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement." Gebbia, 233 F.3d at 883. From this, the Fifth Circuit concluded "it was facially apparent that Plaintiff's claimed damages exceeded $75,000," and that consequently, "the district court

[had] properly disregarded Plaintiff's post-removal affidavit and stipulation for damages less than $75,000. . . ." Id. at 883-84.

The court in Gebbia referenced its earlier decision in Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999), a case in which the plaintiff had sought recovery for an unspecified amount of damages incurred as a result of sustaining heart failure from failing to take her prescription heart medication, which she could not take because it was in her luggage, which had been lost by the defendant airline. The Fifth Circuit concluded that, "[r]eading the face of the complaint, the district court did not err in finding that Luckett's claims exceeded $75,000" where the complaint alleged damages for property, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework after hospitalization. Id. at 298.

Defendants maintain that plaintiffs' allegations in the case at bar regarding their alleged compensatory damages are at least equivalent in severity to the damages alleged in Gebbia, if not more severe, and that the conclusion reached in Gebbia would thus apply here as well. Indeed, they argue, given that plaintiffs' complaint herein seeks an unspecified (and hence unlimited amount of) punitive damages in addition to compensatory damages that alone would likely exceed $75,000, it is manifest from the face of the complaint that the amount in controversy is over $75,000,

5


especially when considering that punitive damages claims are aggregated and applied against each plaintiff in calculating the jurisdictional amount.  See Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1334 (5th Cir. 1995).  Again, the court agrees, and therefore concludes that the motion to remand should be denied.[3]

    SO ORDERED this 9th day of May, 2006.

                              /s/ Tom S. Lee
                              UNITED STATES DISTRICT JUDGE

---

[3] As the Fifth Circuit made clear in Gebbia, and has held in numerous other cases, where it is facially apparent from the complaint that the amount in controversy exceeds $75,000, post-removal stipulations, or affidavits (or here, the "Lotronex Statements") professing to limit the plaintiffs' damages to less than $75,000 may not properly be considered.  See Gebbia, 233 F.3d at 834.